# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2021

Lyle W. Cayce
Clerk

No. 20-60365
Summary Calendar

Fernando Rigoberto Sierra-Alvarado; Emerson David
Sierra-Perdomo,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 480 506
BIA No. A206 480 507

---

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

On behalf of himself and his minor child, Fernando Rigoberto Sierra-Alvarado, a citizen of Honduras, seeks review of the Board of Immigration

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60365

Appeals' (BIA) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).   The BIA concluded:   Sierra failed to prove the requisite elements for asylum and withholding of removal; and CAT relief was not warranted because Sierra, fearing retaliatory gang violence after he reported his second son's murder to the police, did not prove he would be tortured upon removal.  Sierra contends substantial evidence supports opposite conclusions.

In considering the BIA's decision (and the Immigration Judge's (IJ) decision, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012); *Zhu v. Gonzales,* 493 F.3d 588, 593 (5th Cir. 2007) (reviewing IJ's decision because "BIA expressly adopted and affirmed the IJ's findings and holding").   Under the substantial-evidence standard, petitioner must demonstrate "the evidence was so compelling that no reasonable factfinder could conclude against it".  *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).  Relief is improper "unless the evidence compels a contrary conclusion".  *Id.*

To qualify for asylum, applicant must establish, *inter alia*, either past persecution, or a well-founded fear of future persecution, based on one of five enumerated grounds in 8 U.S.C. § 1101(a)(42)(A) (defining refugee).   The "standard for obtaining withholding of removal is even higher than the standard for asylum", and "the failure to establish a well-founded fear for asylum eligibility also forecloses eligibility for withholding of removal".  *Orellana-Monson*, 685 F.3d at 518.

One such enumerated ground is membership in a particular and socially distinct group, "composed of members who share a common immutable characteristic".  *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237

(B.I.A. 2014). Sierra fails to demonstrate his proposed group meets this standard.

To obtain relief under CAT, applicant must show, *inter alia*, it is more likely than not that, if removed, he will be tortured with government acquiescence or involvement. 8 C.F.R. §§ 1208.16(c)(2) (prescribing eligibility for withholding of removal under CAT), 1208.18(a)(1) (defining torture as act performed with "consent or acquiescence of" public official). Sierra, having no contact for several years with the gang he fears, fails to provide any evidence the Honduran government will participate in, or turn a blind eye to, any torture. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 494 (5th Cir. 2015) (general contentions regarding official unwillingness to investigate gang violence "may weigh against [the IJ's] conclusion, [but does not] compel the opposite conclusion" (emphasis omitted)).

DENIED.